UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS GONZALEZ GONZALEZ,<br><br>*Petitioner*,<br><br>v.<br><br>MARY DE ANDA YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR OF EL PASO FIELD OFFICE OF U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WARDEN, IN HIS OR HER OFFICIAL CAPACITY AS WARDEN OF CAMP EAST MONTANA DETENTION FACILITY, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; TODD LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,<br><br>*Respondents*. | No. 3:25-CV-00656-LS |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner Luis Gonzalez Gonzalez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion for a temporary restraining order.

---

[1] ECF No. 1.
[2] ECF No. 4.

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

The Court concludes that Petitioner has not made a sufficient showing of substantial threat that irreparable harm will result if the temporary restraining order is not granted. Petitioner requests that Respondents be enjoined from transferring him from this jurisdiction or removing him from the United States while his petition is pending.[6] He argues that this would cause "irreparable harm in the form of unreasonable delay and needless detention that would be even further prolonged."[7]

Transfer from this jurisdiction would not needlessly prolong the case. "[T]he general rule . . . for core habeas petitions challenging present physical confinement" is that "jurisdiction lies in only one district: the district of confinement."[8] But Petitioner points to no authority for the proposition that a court loses jurisdiction if the petitioner is subsequently transferred to a different district.[9] In that case, Petitioner need only amend his petition to ensure that his immediate physical custodian is named as a respondent.[10]

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] ECF No. 4 at 3.
[7] *Id.*
[8] *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).
[9] *See Khalil v. Joyce*, 777 F. Supp. 3d 369, 408 (D.N.J. 2025) (stating that a habeas petition must be filed in the district where the petitioner is confined at the time of filing).
[10] *See Padilla*, 542 U.S. at 435 (holding that the proper respondent in a habeas petition is the one who has "*immediate custody* of the party detained").

Habeas petitions are available as a remedy when the petitioner is held in unlawful detention.[11] Petitioner's habeas petition requests that he be released from Immigration and Customs Enforcement ("ICE") custody pending his removal proceedings or that ICE hold a bond hearing to allow for his release.[12] Petitioner's removal from the United States would constitute release from ICE custody, which is the remedy that he seeks. Therefore, Petitioner has not explained how he would suffer irreparable harm if removed from the United States.

As Petitioner has not met the second element required for a temporary restraining order, the Court denies his motion [ECF No. 4].

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 7, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[11] 28 U.S.C. § 2241.
[12] ECF No. 1 at 27.